MADONNA YORK, Plaintiff-Appellant, *v.* MODINE MANUFACTURING CO. *et al.*, Defendants-Appellees.
Fourth District   No. 4—82—0190

Opinion filed November 8, 1982.

Mike McElvain, of Bloomington, for appellant.

Costigan & Wollrab, of Bloomington, for appellee Modine Manufacturing Co.

236

Ralph Schroeder, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee R.R.S., Inc.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff appeals an order of the circuit court of McLean County which dismissed her complaint against the defendants pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45). The theory of the complaint was common law negligence against her employer and the security service hired by the employer.

As against her employer, Modine Manufacturing Company (Modine), plaintiff alleged that on November 7, 1979, and for a period of time previous thereto, she had been an employee of Modine; that Modine had contracted with R.R.S., Inc. (R.R.S.), to provide security, control and protection services at Modine's plant; that on the date in question R.R.S. permitted Dennis York, a nonemployee, to enter a secured area of the plant and remain there for 3½ hours; that plaintiff's shift ended at about 12:05 a.m. on November 8, 1979, and at that time Dennis York shot plaintiff with a gun while in the secured area; and that prior to the incident plaintiff had advised Modine that Dennis York had threatened her safety, the threats were genuine, and that she wanted no contact with him while at her employment. Similar facts were alleged against R.R.S. For the purposes of the section 45 motion, these allegations must be taken as true.

The allegations of negligence against Modine are:

"MODINE MANUFACTURING COMPANY, undertook to provide a security service for the protection of its employees and failed to exercise reasonable care in doing so, in that it;

a) Failed to relay information and knowledge it had as [to] physical threats to the Plaintiff's safety to the guard service it had contracted.

b) Failed to inform the Plaintiff that she could not rely upon the guard service provided with the knowledge that her physical safety was in danger.

c) Failed to contract for sufficient guard and security services that would prevent the entry of unauthorized individuals into the secured area, thereby increasing the risk of harm of the Plaintiff from attack."

The allegations of negligence against R.R.S. are:

"The Defendant, R.R.S. Inc., failed to exercise reasonable care in rendering of guard security and control services necessary for that protection of the Plaintiff, in that they:

a) Failed to deny admission to the secured area to Dennis

York.

b) Failed to discover that Dennis York was carrying a deadly weapon.

c) Failed to keep track of the location of Dennis York while he was within the secured area.

d) Permitted Dennis York to remain in the secured area for upwards of 3½ hours, without determining his whereabouts and reasons for staying.

e) Failed to make security evaluations and advise MODINE MANUFACTURING COMPANY of the increased risk to its employees that its inadequate guard service created.

f) Failed to advise the Plaintiff and other Modine employees that they could not rely upon their service for protection."

It is somewhat difficult to determine precisely what plaintiff's theory is. In her brief she states that the complaint against Modine is not based on any duty to protect her from the criminal acts of a third party. Rather, she maintains that Modine's duty arose out of "its negligent performance of a voluntary undertaking. Modine undertook the hiring of a security firm to provide guard services for its plant." In support of this contention she cites three recent supreme court decisions involving guard services and the Chicago Housing Authority. *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 399 N.E.2d 596; *Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 412 N.E.2d 472; and *Phillips v. Chicago Housing Authority* (1982), 89 Ill. 2d 122, 431 N.E.2d 1038.

We do not find these cases particularly helpful. They each involved the liability of one who undertakes to provide protection for a tenant or licensee. However, by plaintiff's citation to them we are led to the conclusion that the instant case is one of the group generally designated as "premises liability" cases.

■ Illinois remains a "status" jurisdiction; that is, the degree of care owed by a landowner to those on his premises is determined by the status of the latter. (*Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282.) The rule has been much criticized. (See Justice Dooley's dissent in *Washington*; Appel, *Premises Liability*, 67 Ill. B.J. 96 (1978).) However, it remains the law in this State.

Plaintiff's complaint alleges that she was an employee and for purposes of the litigation this must fix her status. It may therefore be well questioned whether section 5 of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5) is not a complete bar to the action. The rationale of the premises liability doctrine is to afford some redress to persons who would not otherwise possess it. Employ-

ees enjoy the benefits of the Workers' Compensation Act, as well as the Federal Employees' Liability Act under appropriate circumstances. Any extension of an employer's duty to an employee beyond the ambit of these statutes should be approached with great caution.

Apart from the question of plaintiff's status, we find no factual allegations in the complaint against Modine which would raise some duty on its part toward plaintiff. The supreme court has iterated and reiterated in *Pippin, Cross,* and *Phillips* that there is no common law duty on a landowner to protect tenants, invitees or licensees from criminal acts. Rather, in each case it found potential negligence in the landowner's handling of security services. In *Pippin,* it was negligent hiring; in *Cross* it was inadequate protection by limiting hours; in *Phillips* it was inadequate securing of certain areas.

■ Plaintiff makes the broad conclusory allegation that Modine employed R.R.S. for the protection of employees, but there are no factual allegations to support this. In *Pippin* and in *Cross* the contracts with the security companies provided specifically for the protection of both property and persons; in *Phillips* the landowner itself undertook to seal off certain areas to keep the premises safe for the tenants. Even under the most liberal reading of the allegations of negligence against Modine we are not able to perceive that R.R.S. was employed to protect persons, and even if it were, that Modine was negligent in the hiring, that it restricted R.R.S.'s activities in such a way as to endanger plaintiff, or that Modine itself did anything which would increase plaintiff's danger. In short, the complaint states no cause of action against Modine.

The allegations against R.R.S. suffer from the same malady: there is no allegation, and a liberal reading can divine none, that it was hired to protect persons. In *Pippin* the supreme court had no difficulty in finding a cause of action stated against the security service pursuant to section 324A(c) of the Restatement (Second) of Torts (1965); just the opposite was found under the same section in *Cross;* but in both cases the specific provision of the contract of hire was for persons and property.

The order of the circuit court of McLean County dismissing the complaint was correct and it is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.